JAMES P. GIBSON et al., Appellants, v. CHARLES B. LINVILLE et al., Respondents.

### St. Louis Court of Appeals, April 23, 1901.

**Mortgages:** FORECLOSURE SALES: EQUITY OF REDEMPTIONS: DEFENDANT'S OFFER TO SETTLE, FAIR AND JUST. The defendant, for the purpose of a fair and just settlement between himself and plaintiff, offered that the court might ascertain the present actual cost of the land to defendant and thereupon enter a decree giving plaintiffs the right to redeem all of the lands within a reasonable and definite period of time to be fixed by the court, upon the plaintiffs paying the defendant the amount ascertained to be the present actual cost of the land, and the interest that may have accrued thereon from the date of said decree until the money shall be paid for the purposes of redeeming said land: *Held*, that, in view of all the facts, the offer was a fair and equitable one, and the only relief which equity afforded plaintiffs; and *held*, further, that, in default of payment of the amount found necessary to redeem on or before the day fixed, then plaintiff's equity to all of said lands on account of the foreclosure sales be forever barred..

Appeal from Knox Circuit Court.—*Hon. Edwin R. McKee,* Judge.

REVERSED AND REMANDED *(with directions).*

### STATEMENT OF THE CASE.

Defendant Collins on October 23, 1890, loaned plaintiffs one thousand dollars, secured by a deed of trust on one hundred acres of land situated in Knox county. On November 1, 1894, defendants also loaned plaintiffs twenty-seven hundred dollars, secured also by deed of trust on one hundred and seventy acres

of other land situated in same county.    James E. Adams, who was the agent of Collins, negotiated the loans and took the notes payable to himself.

On October 28, 1898, the deed of trust to secure the one thousand dollar loan was foreclosed by trustee's sale, and the trustee made his deed to Sallie Adams, the wife of James Adams, as the purchaser.    A short time after the foreclosure sale, plaintiff, James Gibson, made a written application to defendant, through Wells and Adams, for a loan of $3,856, to cover the former loans and to be secured on all the lands theretofore mortgaged.    At the time the application was made, the two hundred and seventy acres of land was delinquent for taxes for 1896, '97 and '98.    Gibson expressly stipulated in his application that he would pay the taxes for all of these years.    It was orally agreed between Gibson and Adams, that on the consummation of the loan of $3,856 and payment of the taxes, Mrs. Adams would convey to Gibson the one hundred acres of land she had purchased at the trustee's sale.    Plaintiffs executed and delivered to Adams, as agent of Collins, their notes for the $3,856 and a deed of trust on the two hundred and seventy acres of land to secure the same, which deed of trust was put on record by Adams.    Gibson failed to pay the taxes on the lands as he had stipulated to do, and Collins for this reason refused to release the deed of trust on the one hundred and seventy acres of land securing the twenty-seven hundred dollar note, and Mrs. Adams declined to convey to plaintiffs the other one hundred acres.    And on December 16, 1899, the back taxes on the land being yet due and unpaid, the deed of trust on the one hundred and seventy acres was foreclosed by trustee's sale, at which Adams became the purchaser. He subsequently conveyed to defendant Collins; and Sallie Adams and her husband James also conveyed the one hundred acres to Collins.

The petition which is very lengthy, after setting forth the foregoing transactions, alleges collusion between Adams and wife and Collins to cheat and defraud plaintiffs of their lands; alleges that the sale of one hundred and seventy acres was embarrassed from the fact that the second deed of trust to secure the $3,856 was on record when the sale was made by the trustee and that the land sold for a grossly inadequate price, for the reason that bidders were deterred from bidding on account of the second deed of trust appearing of record unsatisfied; alleges that defendants are bound by the agreement to surrender up the twenty-seven hundred dollar note and to reconvey to them the one hundred acres of land, conveyed to Sallie Adams in consideration of the $3,856 in notes, and the second deed of trust, which it is alleged the defendants accepted and retained in full satisfaction of all prior indebtedness and agreed to reconvey to them the one-hundred-acre tract of land.  There are two prayers to the petition, one is, that defendants be compelled to satisfy the deed of trust securing the twenty-seven hundred dollar note, and that Sallie Adams and husband be compelled to convey to plaintiffs the one-hundred-acre tract.  Second, after alleging that their equity of redemption is worth fifteen hundred dollars, they pray judgment for this sum, and for seven hundred and fifty dollars exemplary damages, and for general relief.

The answer plead the statute of frauds as to the verbal agreement to convey to plaintiffs the one-hundred-acre tract; alleges the non-acceptance of the $3,856 notes and second deed of trust, for the reason that plaintiffs failed and refused to pay the delinquent taxes as they agreed to do; surrender in court the $3,856 notes and second deed of trust for cancellation; alleged that the lands had cost Collins the following sums:

Gibson v. Linville.

"To the amount of cash loaned the plaintiffs, principal and interest thereon to this date, the sum of ............................. $4,347 98
To amount of actual cost foreclosing deed of trust.    32 35
To delinquent taxes paid about December 31, 1899, on said land for the years 1897, 1898 and 1899 the sum of .................   188 50
To interest on taxes the sum of ..............    11 00
To taxes for the year 1900 on said lands paid December 6, 1900 ....................    27 23
To amounts paid for necessary repairs and improvements made on the buildings and fencing on said land by this defendant since he has been in possession thereof, the sum of ....   150 00

        Total ........ ...... ........... $4,757 15
And proffered as follows: "This defendant says, that for the purposes of a fair and just settlement between him and the plaintiffs, he is willing to waive his right to hold said land as the owner thereof to the end that this court may, if proper so to do in this case, ascertain the present actual cost of said land to this defendant, and then enter a decree herein, giving the plaintiffs the right to redeem all of said land, within a reasonable and definite period of time, to be fixed by the court, upon the plaintiffs paying to this defendant, the amount so found and ascertained to be the present actual cost of said land to this defendant, and the interest that may have accrued thereon from the date of said decree until said money shall be paid for the purposes of redeeming said land.
                                "L. F. COTTEY,
        "Attorney for defendant William H. Collins."
Plaintiffs declined to accept the offer of defendant to permit them to redeem on terms of equity to be settled by the

court.    The issues were found for defendants.    Plaintiffs appealed.

*O. D. Jones* for appellants.

(1)    The agreement for the renewal notes and deed, that they were executed and recorded March 20, 1899, and remained on record until now; that the trustee's sale of the 170 acres under one of the old deeds was made December 16, 1899; that it was sold for $1,700, or ten dollars per acre, are admitted facts on the pleadings.    (2)    It is a proven and undisputed fact, that that tract was then worth $30 per acre or $5,000.    The only excuse for doing this, even suggested in the answer is, the plaintiffs agreed to pay some back taxes on the 170 acres, as part of the renewal agreement; that they had not paid.    It is denied in the reply.    Admit they did so agree. The defendant could stand on that part of the agreement, or waive it.    If he intended to stand on it, he should have refused to accept the new notes and deed, until it was performed. Even if after he accepted them and decided to not retain them, unless the taxes were paid, he should in reasonable time return the notes and release the deed on the record.    He did neither.    (3)    A party can not play fast and loose in that manner; he can not rescind in part and affirm in part; nor rescind at all without restoring the other party in statu quo. Jarret v. Morton, 44 Mo. 275; Estes v. Reynolds, 75 Mo. 563; Shinnabarger v. Shelton, 41 Mo. App. 147; Girard v. Wheel Co., 123 Mo. 358—84—5.    If the agreement was as he contends, he waived that part of it and accepted a "substituted performance."    Rucker v. Harrington, 52 Mo. App. 481.    The statute of frauds can not be pleaded to a performed contract.    Blees v. Jenkins et al., 129 Mo. 647.    It was not part, it was entire performance; but part performance is suf-

ficient. 8 Am. and Eng. Ency. of Law (1 Ed.), pp. 737, 738, 740; Leahy v. Leahy, 11 Mo. App. 413. (4) On the admitted facts, testimony and offer of defendants answer, the plaintiffs were and are entitled to some relief; they ask for general relief. A court of equity will do complete justice between the parties. Reyburn v. Mitchell, 106 Mo. 365; Fuchs v. Fuchs, 48 Mo. App. 18. The facts here, two tracts of land, one of the full value of the debt, defendants the owner and in possession of it, it seems to us suggests the relief asked. Give the 170 acres to defendant, the 100 acres clear to plaintiffs. As it now stands, defendant has the land and all the notes but $1,800, the land is worth at least $5,800. Defendant proposes in the answer to dictate the terms, first, that plaintiff shall redeem; second, that they shall do it on his terms, on payment to him of $4,757.15. And the court declared plaintiffs should do it, or go out without even the relief defendant offered.

*L. F. Cottey* for respondent.

(1) There is no equity in plaintiff's bill. He does not offer to pay the debt. "He who seeks equity must do equity." Kline v. Vogel, 90 Mo. 245; Joplin v. Walton, 138 Mo. 492. (2) On the theory of the petition, that the price was inadequate, plaintiff had the right to redeem, and this was his only remedy under the circumstances disclosed in this record. Schanewerk v. Hoberecht, 117 Mo. 22; Springfield & Co. v. Donovan, 120 Mo. 423; Lipscomb v. Ins. Co., 138 Mo. 17. (3) This remedy he declined to accept when offered to him by the defendant on the trial. If the land is actually worth what the petition alleges, and what the witnesses testify it to be worth, then it is perfectly manifest that plaintiff could have redeemed it from the trustee's sales. This being true, it was

plaintiffs' only remedy under the law.   (4)   There is but one exception to the above rule, and that is in case of extreme hardship, where the offer to redeem would be of no avail to the debtor; that exception is laid down in Axman v. Smith, 156 Mo. 286.   In this case the original mortgage was for $5,000, and was foreclosed.   There was a second mortgage for $10,000—besides judgments amounting to over $25,000; while it was only claimed the land was worth $10,000.   Under these circumstances, the debtor being insolvent, it was wholly impossible for him to redeem.   In that case a resale of the property was ordered as prayed for in the petition.   (5)   A court of equity can only grant such relief as the facts alleged in the petition authorize.   The court is not confined to the prayer in granting relief, but it is confined to the petition. Crosby v. Bank, 107 Mo. loc. cit. 442; Harper v. Kemble, 65 Mo. App. 516.   A decree in equity must be founded upon facts embraced within the pleadings.   The court could not base a decree on a state of facts not set up in the pleadings.   Newham v. Kenton, 79 Mo. 382; Ross v. Ross, 81 Mo. 84; Paddock v. Lance, 94 Mo. 283; Reed v. Bott, 100 Mo. 62; Bank v. Rhorer, 138 Mo. 369; Joyce v. Growney, 154 Mo. 262; Black on Judgments, sec. 141.   (6)   The petition proceeds upon a theory, that is inequitable, unreasonable and unjust. Reduced to its last analysis, it is an effort to redeem in land. This can not be done without the consent of the debtor.   The obligation of the plaintiffs was to pay so many dollars and cents.   It was a money engagement and could be discharged only by the payment of money, or by the acceptance by the defendant of something else in lieu thereof.   Oil Well Supply Co. v. Wolfe, 127 Mo. 624; 18 Am. and Eng. Ency. of Law (1 Ed.), 149.

BLAND, P. J.—The offer of respondents, in view of all

the facts, was a fair and equitable one, as much so as any chancellor could on the evidence have adjudicated, and it is the only relief which equity affords the appellants. That it may yet be available to them, we reverse and remand the cause, with directions to the circuit court, to ascertain the present cost of the lands to respondent Collins, excluding the costs of the sale of the one-hundred-and-seventy-acre tract by the trustee and charging him with all the rents accrued, and enter a decree giving the appellants the right to redeem all of the lands within a reasonable time, to be fixed in the decree, and providing that in default of payment of the amount found necessary to redeem on or before the day fixed, that appellants' equities in and to all of said lands on account of the foreclosure sales, be forever barred.

It is further ordered that the costs of the appeal be taxed to appellants. All concur.